# NO. 12-12-00392-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS* | § | *APPEAL FROM THE* |
| *FOR THE BEST INTEREST* | § | *COUNTY COURT AT LAW* |
| *AND PROTECTION OF J.F.* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

J.F. appeals from an order of commitment for temporary inpatient mental health services. After a hearing without a jury, the trial court ordered J.F. committed to Rusk State Hospital for a period not to exceed ninety days. In five issues, J.F. asserts the evidence is legally and factually insufficient to support the order of commitment, and the trial court violated his constitutional rights to due process and equal protection. We affirm.

### BACKGROUND

On November 5, 2012, an application for court-ordered temporary mental health services was filed requesting the court commit J.F. to Rusk State Hospital for a period not to exceed ninety days. The application was supported by two certificates of medical examination for mental illness. The first was prepared by a physician, Dr. Stephen Poplar, who had examined J.F. on October 31. Dr. Poplar, J.F.'s attending physician since August 28, diagnosed J.F. with schizoaffective disorder. He found that J.F. is mentally ill and likely to cause serious harm to others. The basis of Dr. Poplar's opinion was J.F.'s statements that the woman claiming to be his mother is not his mother. J.F. believes she is someone pretending to be his mother through the use of magic. J.F. said the police harass him and are likely to shoot him. Further, J.F. blames his actions on others and stated that the jail and hospital are working to frame him. Dr. Poplar explained that J.F. has made progress and is on daily medication, but still experiences

persecutory delusions and bizarre delusions, including the belief that people invade his body and perform magic. J.F. also continues to be unstable and is angered easily, requiring medication. J.F.'s insight into his illness is poor, and he cannot verbalize an adequate safety plan.

The second certificate was completed by Dr. Robert Bouchat, who examined J.F. on November 1. He diagnosed him with schizoaffective disorder. Dr. Bouchat determined that J.F. is mentally ill and is suffering severe and abnormal mental, emotional or physical distress, is experiencing substantial mental or physical deterioration of his ability to function independently, which is exhibited by his inability, except for reasons of indigence, to provide for his basic needs, and is unable to make a rational and informed decision as to whether or not to submit to treatment. The basis for his opinion was that J.F. feels police are harassing him and that he was recently raped by an old man who placed a spell on him. Further, J.F. is irritable, delusional, accusatory, devoid of insight, and harbors anger toward police.

Dr. Poplar testified at the hearing, repeating his determination that J.F. is suffering from schizoaffective disorder. He testified that J.F. remains paranoid, expressing paranoid delusions about various people. The doctor explained that J.F.'s paranoia and his history of violence and aggression will make him dangerous. J.F. had been in jail for aggravated assault, and he was transferred to Rusk State Hospital at the end of his sentence. He has been at the hospital for three months. J.F. has paranoid, delusional thoughts about other people. He believes people invade his body, take control of him, and perform magic on him. When he has these thoughts, he becomes very agitated and needs medication. The doctor stated that J.F. has become violent. J.F. expressed paranoid ideations about his mother. The doctor testified that Rusk State Hospital is the least restrictive available treatment option for J.F. at this time and that he will probably need to remain at the hospital for an additional two to four weeks.

On cross examination, Dr. Poplar explained that obtaining shelter would be difficult for J.F. and seeking help when his symptoms flare would be difficult because his insight into his symptoms is not optimal. He also stated that J.F. has not assaulted anyone while at the hospital and has not directly threatened to assault anyone. On redirect, the prosecutor asked what evidence he had that J.F. is going to cause danger to someone else. Dr. Poplar responded by saying J.F. continues to express paranoid delusions about his mother, claiming that his mother is not his mother, and that people perform magic on him. The doctor explained that J.F. becomes extremely agitated to the point of requiring emergency medication even though he has been

taking medication on a regular basis. The doctor testified that this happens on a daily basis. Therefore, even if J.F. is complying with his treatment plan while living on his own, he will not have access to emergency medication. Dr. Poplar testified that outside the hospital setting there would be no control of his agitation, and therefore he would be a serious threat to others.

J.F. testified, explaining that he receives Social Security Disability benefits and has a job "out there." He stated that he would go back home to his mother, rent a motel, or go to a halfway house. He denied being "crazy" and said he does not want to stay at the hospital. He does not feel that he is a danger to himself or others. The trial court rendered an order for temporary inpatient mental health services after determining that J.F. is mentally ill and likely to cause serious harm to others.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, J.F. asserts the evidence is legally and factually insufficient to support the order of commitment. He contends that the State did not prove by clear and convincing evidence that he committed an overt act or exhibited a continuing pattern of behavior tending to confirm the likelihood that he would cause serious harm to others.

## Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and we disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id*.

In addressing a factual sufficiency of the evidence challenge, we must consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *Id*. at 25. We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the State's allegations. *Id*. We must consider whether disputed

3

evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. Appellate courts retain deference for the constitutional roles of the fact finder. *In re C.H.*, 89 S.W.3d at 26. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See id*. at 27; *In re J.J.O.*, 131 S.W.3d 618, 632 (Tex. App.–Fort Worth 2004, no pet.).

**Applicable Law**

The trial judge may order a proposed patient to receive court ordered temporary inpatient mental health services if the judge or jury finds, from clear and convincing evidence, that the proposed patient is mentally ill and, as a result of the mental illness he is likely to cause serious harm to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental, emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of his ability to function independently, which is exhibited by his inability, except for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable to make a rational and informed decision as to whether or not to submit to treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West 2010). To be clear and convincing under the statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to the proposed patient or others, or the proposed patient's distress and the deterioration of his ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West 2010).

**Discussion**

The State provided expert testimony explaining that J.F. is mentally ill and describing a continuing pattern of behavior that tends to confirm the likelihood of serious harm to others. Dr. Poplar testified that J.F. has a history of violence and aggression. J.F. continues to have paranoid delusional thoughts about other people in spite of regular medication. These paranoid thoughts lead to a degree of agitation requiring emergency medication in order to control J.F. This extreme agitation and need for emergency medication occurs on a daily basis. Dr. Poplar testified that, outside the hospital, there would be no control of J.F.'s agitation and therefore he would be a serious threat to others.

J.F. argues that the record merely shows a potential for harm that does not meet the statutory requirement. We disagree. The statute requires the pattern of behavior to tend to

4

confirm the likelihood of serious harm to others. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d)(1). "Tend" means to have leaning, to contribute to, or have a more or less direct bearing or effect. *State v. K.E.W.*, 315 S.W.3d 16, 23 (Tex. 2010). A pattern of behavior tends to confirm that the patient poses a likelihood of serious harm to others within the meaning of Section 574.034(d) if the pattern of behavior is to some degree probative of a finding that serious harm is probable, even though the pattern of behavior itself may not be dangerous. *Id*. at 24. The pattern of behavior itself need not be of such character that it alone would support a finding of probable serious harm to others. *Id*. Dr. Poplar testified that J.F. became extremely agitated on a daily basis, requiring emergency medication not readily available outside the hospital. Further, the doctor testified that if J.F.'s agitation is not controlled, he would be a serious threat to others. Thus, the evidence is legally sufficient to support the trial court's finding. That is, there is legally sufficient evidence on which a reasonable trier of fact could have formed a firm belief or conviction that as a result of his mental illness, J.F. would likely cause serious harm to others and that recent objectively observable acts by J.F. tended to confirm such a finding. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(d); *K.E.W.*, 315 S.W.3d at 26; *In re J.F.C.*, 96 S.W.3d at 266.

In addressing J.F.'s factual sufficiency complaint, we consider the evidence the fact finder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d at 25. J.F. testified and denied being mentally ill or being a danger to himself or others. He testified that he has a source of income and indicated he would be able to find a place to live. The trial court is the exclusive judge of the credibility of the witnesses. *In re J.J.O.*, 131 S.W.3d at 632. In light of the entire record, we cannot say that the trial court could not reasonably form a firm belief or conviction that J.F. exhibited a continuing pattern of behavior tending to confirm the likelihood of serious harm to others thereby requiring inpatient mental health services. *See In re C.H.*, 89 S.W.3d at 25. Thus, the evidence is factually sufficient to support the trial court's findings. We overrule J.F.'s first issue.

CONSTITUTIONAL VIOLATIONS

In his second and third issues, J.F. contends the trial court erred in rendering judgment in violation of state and federal guarantees of due process. He asserts that certain terms found in Section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous, making

5

it violative of the due process clause of each constitution. In his fourth and fifth issues, J.F. argues that application of Section 574.034 results in a violation of his right to equal protection under both the state and federal constitutions.

In order to present an issue for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). This requirement applies to constitutional claims a party wishes to raise on appeal. ***Dreyer v. Greene***, 871 S.W.2d 697, 698 (Tex. 1993). J.F. did not raise any constitutional complaints in the trial court. Therefore, J.F. has not preserved these complaints for review. ***Id***. We overrule J.F.'s issues two, three, four, and five.

## DISPOSITION

The evidence is legally and factually sufficient to support the trial court's order for temporary inpatient mental health services. J.F.'s constitutional complaints have not been preserved.

We ***affirm*** the trial court's order for temporary inpatient mental health services.

**SAM GRIFFITH**
Justice

Opinion delivered July 10, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2013**

**NO. 12-12-00392-CR**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF J.F.**

Appeal from the County Court at Law

of Cherokee County, Texas. (Tr.Ct.No. 40057)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order for temporary inpatient mental health services of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*